**BURSOR & FISHER, P.A.**
Max S. Roberts (State Bar No. 363482)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

**BURSOR & FISHER, P.A.**
Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVE CANTON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SARES REGIS GROUP RESIDENTIAL, INC. and CLPF VERANDAS LP, <br><br> Defendants. | Case No. 2:26-cv-1628 <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Eve Canton ("Plaintiff") brings this class action on behalf of Plaintiff and all others similarly situated against Defendants Sares Regis Group Residential, Inc. and CLPF Verandas LP ("Defendants"). Plaintiff makes the following allegations pursuant to the investigation of Plaintiff's counsel and based upon information and belief, except as to the allegations specifically pertaining to Plaintiff, which are based on personal knowledge.

## NATURE OF THE ACTION

1. Plaintiff brings this class action lawsuit on behalf of Plaintiff and other similarly situated tenants who lease a unit at Defendants' properties.

2. Defendants own and operate over 43,000 rental units in various apartment complexes throughout the state of California and the western region of the United States. Instead of including water and sewage utilities as part of rent, Defendants charge tenants like Plaintiff monthly water and sewage fees. California law says that "a landlord who intends to charge a tenant separately from rent for water service in a property with submeters shall clearly disclose" various pieces of information to the tenant "in writing." Cal. Civ. Code § 1954.204. Defendants failed to do so. And so the resulting water and sewage fees Defendants charged Plaintiff and Class members were rendered unlawful. California law requires landlords who charge unlawful fees to pay them back.

3. To lure new customers into their buildings, Defendants also offer their units for rent using artificially-low prices that exclude these mandatory water and sewage fees. This practice is aptly referred to as "drip pricing." "Businesses engage in drip pricing by advertising products at artificially low headline price[s] and then disclosing additional charges later in the buying process." *Mansfield v. StockX LLC*, 802 F.Supp.3d 1143, 1148 (N.D. Cal. 2025) (quoting *Harvey v. World Mkt., LLC*, 2025 WL 1359066, at *1 (N.D. Cal. May 9, 2025)). "[D]rip pricing" is "[a] common form of bait and switch." *Mansfield*, 802 F.Supp.3d at 1148. "California banned bait and

switch in consumer transactions when it passed the Consumers Legal Remedies Act (the 'CLRA') in 1970." *Id*.

4. In particular, the CLRA prohibits "[a]dvertising, displaying, or offering a price … that does not include all mandatory fees or charges," except for taxes and shipping costs. Cal. Civ. Code § 1770(a)(29); *see also* Cal. Civ. Code § 1770(a)(9). "Accordingly, once a seller advertises a price, the CLRA effectively locks in that price and prohibits the seller from charging any additional fees other than taxes or shipping costs." *Mansfield*, 802 F.Supp.3d at 1152. "The fee, therefore, was unlawful." *Id* at 1153. And again, Defendants need to pay back any unlawful fees they charged.

5. Accordingly, Plaintiff brings claims against Defendants individually and on behalf of a class of all others similarly situated for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, the California Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), and the California Legal Remedies Act, Cal. Civ. Code § 1770(a)(29).

## THE PARTIES

6. Plaintiff Eve Canton is a citizen of California who resides in Los Angeles, California. Plaintiff rented a unit at 200 N. Grand Avenue, West Covina, CA 91791 ("The Verandas") between approximately January 20, 2024 and November 30, 2025.

7. Before signing her lease, Defendants displayed to her the rent price for her unit on its website, on written brochures, and in her lease agreement, which did not include water or sewage fees. These fees are mandatory because tenants cannot live in the unit without paying these water or sewage fees.

8. At or before the signing of a lease, Plaintiff was not presented with an estimate of the monthly bill for water service for dwelling units at the property.

9. Plaintiff remains interested in remaining in the building. However, Plaintiff believes the water and sewage fees Plaintiff has been paying are unlawful because they were not "clearly disclosed" prior to the execution of her rental agreement.

10. Defendant Sares Regis Group Residential, Inc. ("SRG"), is a California company with its principal place of business at 3501 Jamboree Rd., Suite 300, Newport Beach, CA 92660. Defendant owns, manages, markets, and/or oversees the operations of The Verandas and other properties in California.

11. Defendant CLPF Verandas LP is a Delaware company with its principal place of business at 230 Park Avenue, Floor 12, New York, NY 10169. Defendant owned, managed, marketed, and/or oversaw the operations of The Verandas apartments, and currently does so at other properties in California

12. During Plaintiff's tenancy at The Verandas, the property was managed by CLPF Verandas LP until January 13, 2025 when SRG took over the management. Plaintiff does not have access to the contracts between the two companies; therefore, Plaintiff does not know whether SRG is liable for actions taken by CLPF Verandas LP prior to the sale of the property.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action where there are more than 100 members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one member of the putative Class is a citizen of a state different from Defendant CLPF Verandas LP.

14. This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in California, including the management of The Verandas apartment complex as well as 138 additional properties throughout California. Defendants serve California residents as part of their regular course of business and collect unlawfully applied fees from Californians.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

16. On or about January 20, 2024, Plaintiff and Defendant CLPF entered into a written contractual agreement, which was subsequently taken over by Defendant SRG. Defendants are charging the Plaintiff separately for water services using a submeter.

17. Defendants are the owners and/or managers of the property at The Verandas. As noted above, the property was managed by CLPF Verandas LP until January 13, 2025 when SRG took over management.

18. At or before the signing of a lease, Plaintiff was not presented with an estimate of the monthly bill for water service for dwelling units at the property.

19. Defendants never provided, prior to the lease signing, the average or median bill for water service for comparative dwelling units at the property over any three of the past six months.

20. Defendants never provided, prior to the lease signing, the amount of the water bill based upon average indoor water use of a family of four of approximately 200 gallons per day, and including all other monthly charges that will be assessed.

21. Defendants' failure to provide these pieces of information to the tenant prior to the signing of the lease constitutes a breach of the landlord's obligations under Cal. Civ. Code § 1954.204.

22. Cal. Civ. Code § 1954.204 requires that landlords, prior to the signing of a lease, disclose "the average or median bill for water service for comparative dwelling units at the property over any three of the past six months" or "the amount of the bill based upon an average indoor water use of a family of four of approximately 200 gallons per day, and including all other monthly charges that will be assessed."

23. Cal. Civ. Code § 1954.202 defines water as: "any charges, whether presented for payment on local water purveyor bills, tax bills, or bills from other entities, related to water treatment, distribution, or usage, including, but not limited to, water, *sewer*, stormwater, and flood control." (Emphasis added).

24. As sewage costs are included under the definition of water, Defendants were required to make the relevant disclosures under Cal. Civ. Code § 1954.204 for the purpose of forming an agreement on sewage payments.

25. Defendants never provided the average or median bill for sewage service for comparative dwelling units at the property over any three of the past six months.

26. Defendants never provided the amount of the bill based upon average indoor sewage use of a family of four of approximately 200 gallons per day, including all other monthly charges that will be assessed.

27. Defendants never provided "[a] statement that if the tenant believes that the submeter reading is inaccurate or the submeter is malfunctioning, the tenant shall first notify the landlord in writing and request an investigation." The Defendants also never provided "notice that if an alleged submeter malfunction is not resolved by the landlord, a tenant may contact the local county sealer and request that the submeter be tested."

28. Defendants never provided "contact information for the county sealer" included in the disclosure to the tenant.

29. Defendants never provided "[a] statement that [the] disclosure is only a general overview of the laws regarding submeters and that the laws can be found at Chapter 2.5 (commencing with Section 1954.201) of Title 5 of Part 4 of Division 3 of the Civil Code, available online or at most libraries."

30. Compliance with Cal. Civ. Code § 1954.204 is a condition precedent to forming a valid lease agreement; the code provides that "[b]efore executing a rental agreement" a landlord must follow Civil Code § 1954.204.

31. Plaintiff alleges that by Defendants' failure to provide the requisite disclosures under Cal. Civ. Code § 1954.204 the Plaintiff has a right to rescission for the payment of utilities.

32. Defendants' failure to provide the requisite disclosures under Civil Code § 1954.204 amounts to fraud under the Cal. Bus. & Prof. Code §§ 17200-17210.

33. Defendants knew or should have known about their obligations under Civil Code § 1954.204.

34. Defendants continued to charge both water and sewage costs to the Plaintiff despite Defendants' knowledge that they were not legally entitled to recover water and sewage costs due to their failure to disclose the information required under Civil Code § 1954.204.

35. Defendants knew or should have known that the failure to provide the requisite disclosures under Civil Code § 1954.204 was unlawful, unfair, and deceptive.

36. Plaintiff remains interested in remaining in the unit. However, Plaintiff believes the water service costs and sewage costs Plaintiff has been paying are unfair, illegal, and deceptive.

37. On their websites, Defendants advertise, display, and offer rent prices for their units which do not include these water and sewage fees. For example, on http://www.the-verandas.com, Defendants list a variety of units with floor plans and rent prices that do not include these water and sewage fees. *See*, *e.g.*, Figure 1.

**Figure 1**



38. If a prospective purchaser clicks through to a specific unit, Defendants continue to display and advertise rent prices that do not include or disclose these mandatory water and sewage fees. Figure 2.

**Figure 2**



39. The same is true when leasing units in other apartment complexes run by Defendant SRG. *See*, *e.g.*, Figures 3-5, below.

**Figure 3, Baker Block**



**Figure 4, Fountain Glen Pasadena**



**Figure 5, Capriana at Chino Hills**



## CLASS ALLEGATIONS

40. Plaintiff brings this matter on behalf of Plaintiff, and all similarly situated in the following Classes (collectively, the "Classes"):

  (i)  ***SRG Class.*** All natural persons in California who leased a unit owned by SRG from the applicable statutory period to present;

      (ii)    ***CLPF Class.*** All natural persons in California who leased a unit owned by CLPF Verandas LP from the applicable statutory period to present; and

      (iii)    ***The Verandas Subclass.*** All natural persons in California who leased a unit in The Verandas apartment complex from the applicable statutory period to present.

41. Excluded from the Classes are: (1) any Judge or Magistrate presiding over this action and any members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parent have a controlling interest and its current or former employees, officers, and directors; and (3) Plaintiff's counsel and Defendants' counsel.

42. **Numerosity.** Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are at least ten thousand people who leased a unit during the statutory period with similar violations of the law resulting in similar injuries through Defendants' false and misleading representations. The Verandas apartment complex alone contains 209 units. While the exact number of members of each Class is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery from records maintained by Defendants and their agents.

43. **Commonality and Predominance.** The questions of law and fact common to the Classes, which predominate over any questions that may affect individual class members include, but are not limited to:

    (a)    Whether Tenants in the Class leased a unit owned by the Defendants;

    (b)    Whether Tenants in the Class received proper notice under Civil Code § 1954.204;

    (c)    Whether Defendants entered into a valid agreement covering the usage of water;

    (d)    Whether Defendants entered into a valid agreement covering the usage of sewage;

(e) Whether the failure to include the terms under Civil Code § 1954.204 constitutes a failure to include a material fact in the lease agreement;

(f) Whether a violation of Civil Code § 1954.204 constitutes an unfair business practice under Cal. Bus. & Prof. Code §§ 17200; and

(g) Whether the Class is entitled to a refund of all water and sewage costs.

44. **Typicality.** The claims of the named Plaintiff are typical of the claims of the members of the Class because the named Plaintiff, like other members of the Class, leased a unit without the required information being presented to them.

45. **Adequate Representation.** Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this class action. Neither Plaintiff, nor Plaintiff's counsel, have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff is able to fairly and adequately represent the interest of the Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this complaint to include additional Class Representatives to represent the Class or additional claims as may be appropriate.

46. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system, resulting in multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or

all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Classes. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with California's tenant protection laws.

## CAUSES OF ACTION

### COUNT I
### Violations Of California's Unfair Competition Law ("UCL")
### Cal. Bus. & Prof. Code §§ 17200, *et seq.*

47. Plaintiff hereby incorporates by reference and re-alleges the allegations contained in all preceding paragraphs of this Complaint.

48. Plaintiff brings this claim individually and on behalf of the Classes against Defendants.

49. Defendants violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, by engaging in unfair, fraudulent, and unlawful business practices.

50. Plaintiff has standing to pursue this claim because the Plaintiff suffered an injury-in-fact and lost money because of Defendants' unlawful, unfair, and fraudulent conduct.

51. Specifically, Plaintiff signed a lease with the Defendants which did not meet the requirements of Cal. Civ. Code § 1954.204 and as such constitutes a fraudulent agreement.

*"Unfair" Prong of the UCL*

52. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. That unfairness is determined by weighing the reasons, justifications, and motives for the business act or practice against the gravity of the harm alleged.

53. Defendants' conduct constitutes an "unfair" business practice because, as alleged herein, Defendants engaged, and continues to engage in, false, misleading, and deceptive practices through their failure to include material information required under Cal. Civ. Code § 1954.204.

54. Defendants' conduct, as alleged above and herein, was not motivated by any legitimate business or economic need or rationale other than to maximize its revenue and the expense to tenants. And specifically, Defendants did maximize and continue to maximize their revenue by misleading and preying on tenants who are susceptible to sign leases, no matter the price, in order to ensure they are providing themselves and their families with a roof over their heads.

55. No legitimate reasons, justifications, or motives outweigh the harm and adverse impact of Defendants' conduct on members of the general consuming public. Defendants engaged, and continue to engage, in such conduct solely to wrongfully extract monies to which Defendants are not entitled from tenants seeking to provide shelter for themselves and their families. Defendants could have, but have not, used alternative means of affecting its legitimate business needs, such as by providing the required information prior to signing the lease agreement.

56. Defendants' conduct harms tenants and hurts market competition. Defendants' conduct, as alleged herein, is immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and Members of the Classes because it violates tenants' reasonable expectations. If Defendants had advertised their properties in a non-misleading fashion, Plaintiff and other Class Members could have considered other rental options.

*"Fraudulent" Prong of the UCL*

57. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

58. Defendants have engaged in, and continues to engage in, fraudulent business practices by failing to disclose the required information under Cal. Civ. Code

§ 1954.204.  Defendants' conduct deceived Plaintiff and California Class Members who signed a lease in reliance on Defendants' omissions, and is highly likely to deceive members of the consuming public because, as alleged above, the Defendants violate tenants' reasonable expectations regarding the leasing by failing to make the required disclosures under Cal. Civ. Code § 1954.204.  Such a business practice lacks utility and functions only to maximize Defendants' profits at the expense of its customers.  The gravity of the harm to Plaintiff and other Class Members, who lost money by paying water and sewage, far outweighs the benefit to Defendants' conduct.

59.  Further, Defendants' fraudulent business practices will continue to mislead tenants because it will be impossible for tenants to know what their water and sewage utility costs will be prior to signing a lease.  Tenants will therefore be unable to assess how the units compare to alternatives.  Accordingly, the risk of harm to Plaintiff, members of the Classes, and the consuming public, is ongoing.

***"Unlawful" Prong of the UCL***

60.  A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

61.  Defendants' business practices as alleged herein constitute violations of California's Civil Code § 1954.204.

62.  Defendants' unfair, fraudulent, and unlawful business practices, as enumerated and explained above and below, were the direct and proximate cause of financial injury to Plaintiff and other members of the Classes.  Defendants have unjustly benefited because of their wrongful conduct.  Accordingly, Plaintiff and the Classes seek an order of this Court that includes, but is not limited to, requiring Defendants to: (a) provide restitution to Plaintiff and the Classes; (b) disgorge all revenues obtained as a result of its violations of the UCL; (c); and pay attorneys' fees and costs for Plaintiff and the Classes.

# COUNT II
## Violation Of California's Consumer Legal Remedies Act,
## Cal. Civ. Code §§ 1770(A)(9)
## (Injunctive Relief Only)

63. Plaintiff hereby incorporates by reference and re-alleges the allegations contained in all preceding paragraphs of this Complaint.

64. Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendants.

65. Defendants violated California Civil Code § 1770(a)(9) by "[a]dvertising goods … with intent not to sell them as advertised" on the product selection screens depicted in figures 1, 2, 3, 4, 5, and 6 of this Complaint. Specifically, Defendants advertised and expressly represented the price of its leases with water and sewage utility fees with the intent not to sell them as advertised.

66. Defendant's water and sewage utility fees are a service under the CLRA.

67. As a result, Plaintiff and Class Members were harmed because they were forced to pay Defendants' unlawful utility fees.

68. Plaintiff and Class Members were also harmed by not having the total cost of their units disclosed up front at the start of the purchase process. By not knowing the total cost of their unit before selecting it for rental purposes, Plaintiff and Class members could not shop around before selecting their rental unit. As such, Plaintiff and Class members had no way of knowing whether they were getting the best deal their money could buy. By hiding its utility fees, Defendants were able to reduce price competition and cause consumers like Plaintiff and Class Members to overpay.

69. Plaintiff and Class Members relied on Defendants' false and misleading representations of the advertised cost of the unit while Plaintiff and Classes were selecting a unit.

70. As detailed in the body of this Complaint, Defendants have repeatedly engaged in conduct deemed a violation of the CLRA and have made representations

regarding the price of the units on their website which are false due to the uniform imposition of utility fees described herein. Indeed, Defendants concealed the true price of the items, and the true nature of the utility fees it was charging on each lease, from Plaintiff and Class Members.

71. No reasonable consumer would expect the price advertised by Defendants to include an unlawful utility fees payment.

72. On behalf of Plaintiff and members of the Classes, Plaintiff seeks to enjoin the unlawful acts and practices described herein. *See* Cal. Civ. Code § 1780. Plaintiff does not seek damages pursuant to the CLRA at this time.

## COUNT III
### Violation Of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1770(A)(29)
### (Injunctive Relief Only)

73. Plaintiff hereby incorporates by reference and re-alleges the allegations contained in all preceding paragraphs of this Complaint.

74. Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendants.

75. Defendants violated Cal. Civ. Code § 1770(a)(29) by "[a] Advertising, displaying, or offering a price for a good or service that does not include all mandatory fees or charges" on the unit selection screens depicted in figures 1, 2, 3, 4, 5, and 6 of this Complaint.

76. Specifically, Defendants advertised and expressly represented the price of its leases without including the mandatory water and sewage utility fees tenants must pay. Defendant's water and sewage utility fees are a service under the CLRA.

77. As a result, Plaintiff and members of the Classes were harmed because they were forced to pay Defendants' unlawful utility fees.

78. Plaintiff and members of the Classes were also harmed by not having the total cost of their units disclosed up front at the start of the purchase process. By not

knowing the total cost of their unit before selecting it for rental purposes, Plaintiff and members of the Classes could not shop around before selecting their rental unit.

79. As such, Plaintiff and members of the Classes had no way of knowing whether they were getting the best deal their money could buy. By hiding its utility fees, Defendants were able to reduce price competition and cause consumers like Plaintiff and members of the Classes to overpay.

80. Plaintiff and members of the Classes relied on Defendants' false and misleading representations of the advertised cost of the unit while Plaintiff and members of the Classes were selecting a unit.

81. As detailed in the body of this Complaint, Defendants have repeatedly engaged in conduct deemed a violation of the CLRA and have made representations regarding the price of the units on its website which are false due to the uniform imposition of utility fees described herein. Indeed, Defendants concealed the true price of the items, and the true nature of the utility fees it was charging on each lease, from Plaintiff and Class Members.

82. No reasonable consumer would expect the price advertised by Defendants to include an unlawful utility fees payment.

83. On behalf of Plaintiff and members of the Classes, Plaintiff seeks to enjoin the unlawful acts and practices described herein. *See* Cal. Civ. Code § 1780. Plaintiff does not seek damages pursuant to the CLRA at this time.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and behalf of all others similarly situated, seeks judgment against Defendants, as follows:

(a) For an order certifying the Classes under Fed. R. Civ. P. 23, naming Plaintiff as representative of the Classes, and naming Plaintiff's Counsel as Class Counsel to represent the Classes;

(b) For an order declaring that Defendants' conduct violates the statutes referenced herein;

|   |   |   |
|---|---|---|
| 1 | (c) | For an order finding in favor of Plaintiff and the Classes on all counts asserted herein; |
| 2 | | |
| 3 | (d) | For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury; |
| 4 | | |
| 5 | (e) | For prejudgment interest on all amounts awarded; |
| 6 | (f) | For an order of restitution and all other forms of equitable monetary relief; |
| 7 | | |
| 8 | (g) | For injunctive relief as pleaded or as the Court may deem proper; |
| 9 | (h) | For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit. |
| 10 | | |

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable

Dated: February 17, 2026        Respectfully submitted,

**BURSOR & FISHER, P.A**.

By: /s/ *Max S. Roberts*
      Max S. Roberts

Max S. Roberts (State Bar No. 363482)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

**BURSOR & FISHER, P.A.**
Stefan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorneys for Plaintiff*